UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Karina Dubinskaya,<br><br>　　　　　　Plaintiff,<br>　v.<br><br>Leading Edge Recovery Solutions, LLC,<br>Synchrony Bank, and<br>PayPal, Inc.<br><br>　　　　　　Defendants. | Civil Action No.: 14-CV-4192 |

## COMPLAINT

Plaintiff Karina Dubinskaya, by and through her undersigned counsel, states as follows:

### JURISDICTION AND VENUE

1. The Plaintiff seeks redress for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, New York General Business Law § 349, and the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

2. Pursuant to 15 U.S.C. § 1692k(d), this Court has jurisdiction over actions arising under the FDCPA and the TCPA.

3. Pursuant to 28 U.S.C. § 1391(b), venue is proper in this District, as the Defendants transact business in this District and a substantial part of the events giving rise to the claims occurred in this District.

### PARTIES

4. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

5. Plaintiff Karina Dubinskaya is an adult individual residing in the City of New York and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

1

6.      Defendant Leading Edge Recovery Solutions, LLC ("Leading Edge") is an Illinois-based company.  Leading Edge operates as a debt collection company within the State of New York and is a "debt collector" pursuant to 15 U.S.C. § 1692a(6).  Leading Edge has alleged that the Plaintiff incurred a financial obligation in the approximate amount of $226.00 (the "Debt") to PayPal Smart Connect / GE Capital Retail Bank.  The alleged Debt arose from services provided which were primarily for family, personal, or household purposes; the Debt conforms with the definition of a "debt" pursuant to 15 U.S.C. § 1692a(5).

7.      Defendant Leading Edge attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).  Defendant Leading Edge is one of several debt collectors hired or authorized by Synchrony Bank and/or PayPal, Inc., to collect the Debt.

8.      Defendant Synchrony Bank is a Utah-based savings association.  Defendant Synchrony Bank was formerly known as GE Capital Retail Bank until June 2, 2014.  (*See* Ex. A.)  Upon information and belief, the Plaintiff's alleged balance under her PayPal Smart Connect account was jointly credited and administered by Synchrony Bank and PayPal, Inc.  The Plaintiff's account statements indicate that billing inquiries should be sent to "GE Capital Retail Bank, P.O. Box 965003, Orlando, FL 32896-5003."  (*See* Ex. B at 2.)

9.      Defendant PayPal, Inc., is a California-based payment processing company.  PayPal, Inc., and Synchrony Bank worked in concert with respect to the Plaintiff's PayPal Smart Connect account.  PayPal, Inc., and Synchrony Bank are collectively referred to as Creditors herein.

## ALLEGATIONS

10. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

### Leading Edge's Actions and Omissions

11. From November to December of 2013, the Plaintiff received several calls from Leading Edge regarding the Debt.

12. Upon information and belief, the aforementioned calls were made to the Plaintiff's cellular telephone without her express permission or consent.  The calls were made by Leading Edge *via* an automatic dialing system.  The calls violated the TCPA.

13. In its first telephone communication with the Plaintiff, Defendant Leading Edge offered to settle the alleged Debt for $147.00.  Defendant Leading Edge did not inform the Plaintiff about her right to dispute the alleged Debt.

14. Defendant Leading Edge did not send the Plaintiff a written statement within five (5) days of its first telephone communication as required by 15 U.S.C. 1692g.

15. On or about December 4, 2013, the Plaintiff and Leading Edge agreed to settle the alleged Debt for approximately $147.00.  Upon settlement, Leading Edge informed the Plaintiff that the settlement would clear her balance in full.  Shortly thereafter, Leading Edge debited the settlement amount ($147.01) from the Plaintiff's bank account.  (*See* Ex. C.)

16. After the aforementioned settlement, Leading Edge did not clear the Plaintiff's balance as promised.  At least three other debt collection companies contacted the Plaintiff about the Debt after the settlement.  Although the Plaintiff attempted to dispute the Debt with the subsequent collection companies, she was repeatedly told that her balance was not cleared.

17. On or about December 21, 2013, the Plaintiff informed Leading Edge that she was still receiving calls from other debt collectors and asked for confirmation that the Debt was settled and cleared. Leading Edge provided the Plaintiff with written confirmation (*See* Ex. D); however, Leading Edge did not take any actions to ensure that the Plaintiff's account was marked as cleared or settled.

18. Because Leading Edge failed to clear the Plaintiff's balance after the account was settled, the Plaintiff has had to endure approximately seventy (70) calls from other debt collectors.

19. Because Leading Edge failed to clear the Plaintiff's balance after the account was settled, the Plaintiff's credit report was adversely affected.

20. The foregoing acts and omissions by Leading Edge constitute violations of the FDCPA, the TCPA, and New York General Business Law § 349.

### The Creditors' Actions and Omissions

21. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

22. In about July of 2013, a balance accrued on the Plaintiff's PayPal account in the amount of $186.61. By November of 2013, the Creditors increased this balance to $226.17 on account of late fees and interest.

23. Upon information and belief, the Creditors hired Leading Edge to collect the alleged Debt, or the Debt was assigned to Leading Edge for collection purposes.

24. Upon information and belief, the Creditors hired or authorized or assigned multiple debt collectors to collect on the alleged Debt. The Creditors hired or authorized at least four (4) different debt collection companies, many of whom were simultaneously collecting on

4

this account. This use of multiple debt collectors constitutes a deceptive practice that caused injury to the Plaintiff.

25. The Plaintiff received approximately seventy (70) calls from four different debt collectors because the Creditors hired or authorized multiple debt collection companies to collect on this Debt. On numerous occasions, the Plaintiff informed the debt collectors that her account was settled. However, the calls continued.

26. On or about April 30, 2014, the Plaintiff sent both Creditors a dispute letter in which she requested documents pertaining to her Debt. On or about May 27, 2014, the Plaintiff sent PayPal, Inc., another dispute letter in which she stated that she was being contacted by multiple debt collectors. The Plaintiff attached several collection letters to the May 27th letter. As of the filing date of this Complaint, the Creditors have not responded to the Plaintiff's letters.

27. Upon information and belief, the Creditors continued to adversely affect the Plaintiff's credit report even after the Debt was settled with Leading Edge.

28. The foregoing acts and omissions by the Creditors constitute violations of the New York General Business Law § 349.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692

29. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

30. Defendant Leading Edge's conduct violated numerous provisions of the FDCPA including, but not limited to, 15 U.S.C. §§ 1692e, 1692e(10), 1692f, 1692f(1), and 1692g.

31. The Plaintiff is entitled to statutory and actual damages as a result of the Defendant Leading Edge's violations.

## COUNT II
## VIOLATIONS OF NEW YORK
## GENERAL BUSINESS LAW § 349

32. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

### Leading Edge

33. New York General Business Law § 349 prohibits "deceptive acts or practices in the conduct of any business, trade, or commerce or in the furnishing of any service" in the State of New York.

34. By acting as a debt collector, Defendant Leading Edge conducts business and/or provides services within the meaning of New York General Business Law § 349.

35. Defendant Leading Edge engaged in deceptive acts and practices by virtue of the acts and omissions described in paragraphs 11-20, *supra*. The aforementioned acts and omissions by Defendant Leading Edge 1) were deceptive and misleading in a material sense, and 2) caused injury to the Plaintiff.

### Synchrony Bank

36. By acting as a savings association that extends credit to consumers in New York, Defendant Synchrony Bank conducts business and/or provides services within the meaning of New York General Business Law § 349.

37. Defendant Synchrony Bank engaged in deceptive acts and practices by virtue of the acts and omissions described in paragraphs 21-28, *supra*. The aforementioned acts and omissions by Defendant Synchrony Bank 1) were deceptive and misleading in a material sense, and 2) caused injury to the Plaintiff.

38. By reason of the conduct alleged above, the Defendant Synchrony Bank engaged in deceptive conduct in violation of New York General Business Law § 349.

### PayPal, Inc.

39. By acting as a company that facilitates payments by consumers, Defendant PayPal, Inc., conducts business and/or provides services within the meaning of New York General Business Law § 349.

40. Defendant PayPal, Inc., engaged in deceptive acts and practices by virtue of the acts and omissions described in paragraphs 21-28, *supra*. The aforementioned acts and omissions by Defendant PayPal, Inc., 1) were deceptive and misleading in a material sense, and 2) caused injury to the Plaintiff.

41. By reason of the conduct alleged above, the Defendant PayPal, Inc., engaged in deceptive conduct in violation of New York General Business Law § 349.

## COUNT III
## VIOLATIONS OF THE TELEPHONE
## CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 *et seq.*

42. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

43. Upon information and belief, Defendant Leading Edge used an automatic dialing system to place calls to the Plaintiff. An automatic dialing system is a system that has the capacity to dial and "to store or produce numbers to be called, using a random or sequential number generator." 47 U.S.C. § 227(a)(1).

44. The Defendant used an automatic dialing system to place calls to the Plaintiff's cellular phone without express permission. This conduct violated 47 U.S.C. § 227(b)(1)(A)(iii).

45. The foregoing acts and omissions by Defendant Leading Edge constitute a clear and manifest violation of the TCPA.

46. The Plaintiff is entitled to damages resulting from the Defendant's violations of the TCPA.

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against the Defendant:

1. Awarding the Plaintiff actual and statutory damages pursuant to 15 U.S.C. § 1692k against the Defendant Leading Edge;

2. Awarding the Plaintiff costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendant Leading Edge;

3. Awarding the Plaintiff damages and reasonable attorneys' fees pursuant to New York General Business Law § 349 against the Defendants;

4. Awarding injunctive relief pursuant to New York General Business Law § 349(h) against the Defendants PayPal, Inc., and Synchrony Bank by ordering these Defendants to clear any balance and any inaccurate credit reporting pertaining to the Debt;

5. Awarding the Plaintiff $500.00 for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(c)(5) plus reasonable attorneys' fees and costs against Defendant Leading Edge; and

6. Granting such other and further relief that the Court may deem just and proper.

Dated:  July 8, 2014

                                  Respectfully submitted,

                                  /s/ Hashim Rahman  
                                  Hashim Rahman, Esq.  
                                  Rahman Legal  
                                  155 Water Street  
                                  Brooklyn, NY 11201  
                                  hrahman@rahmanlegal.com  
                                  Phone: (347) 433-6139  
                                  Fax: (347) 382-9457